UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as trustee,<br><br>                         Plaintiff,<br>   vs.<br><br>ODELIO C. SILVA, et al.,<br><br>                        Defendants. | CASE NO. 11cv2647 BEN (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IFP AND REMANDING TO STATE COURT**<br><br>[Dkt. No. 2] |

On October 4, 2011, Plaintiff U.S. Bank National Association filed an unlawful detainer action in state court against Defendants Odelio C. Silva and Lilian N. Silva alleging that the amount demanded is $25,000 or less. (Notice of Removal [Dkt. No. 1], Ex. A.) On November 14, 2011, Karen Villavicencio[1] removed the action to this Court. (Dkt. No. 1.) Instead of paying the $350.00 filing fee, Villavicencio moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) For the reasons set forth below, the motion to proceed IFP is **DENIED** and the case is **REMANDED** to state court.

The Court is obligated to screen all cases filed IFP to determine if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (finding "section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). "A district court may deny

---

[1] Villavicencio identifies herself as a Defendant.

leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

Upon the Court's screening of the Notice of Removal and state court Complaint, it is apparent that this Court lacks subject-matter jurisdiction. The Notice of Removal provides no basis for the Court's jurisdiction. The allegations of the Complaint arise solely under state law, precluding federal question jurisdiction. 28 U.S.C. § 1331. In addition, the amount in controversy is less than $25,000, precluding diversity as a basis for jurisdiction even if diversity of citizenship existed. 28 U.S.C. § 1332 (requiring that the amount in controversy exceed $75,000).

When a case has been removed, the Court is obligated to remand it if the Court finds it lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Because the Court lacks subject matter jurisdiction, the case is remanded.

Villavicencio's motion to proceed IFP is **DENIED** and the case is **REMANDED**.

**IT IS SO ORDERED.**

DATED: November 15, 2011

_____
Hon. Roger T. Benitez
United States District Judge